## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------------
MICHAEL MCKINNEY                              :
355 S. Marshall Street                        :
Lancaster, PA 17602                           :      Civil Action No.: _____
                                              :
                    Plaintiff,                :
                                              :
              v.                              :      JURY TRIAL DEMANDED
                                              :
EAGLE RIVER HOMES, LLC                        :
21 S. Groffdale Road                          :
P.O. Box 336                                  :
Leola, PA 17540                               :
                                              :
                    And                       :
                                              :
AEROTEK, INC.                                 :
7301 Parkway Drive                            :
Hanover, MD 21076                             :
                                              :
                    Defendants.               :
-------------------------------------------------------------
```

## COMPLAINT – CIVIL ACTION

Plaintiff, Michael McKinney ("Plaintiff"), by and through his undersigned attorney, for his

Complaint against Eagle River Homes, LLC ("Eagle River") and Aerotek, Inc. ("Aerotek")

(collectively, "Defendants") alleges as follows:

## INTRODUCTION

1.      Plaintiff initiates this action contending that Defendants have violated Plaintiff's

rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title

VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Pennsylvania Human Relations Act ("PHRA"),

43 P.S. § 951, *et seq*.

## PARTIES

2.      Plaintiff, Michael McKinney, is an adult American citizen who currently maintains a residence at 355 S. Marshall Street, Lancaster, PA 17602.

3.      Defendant, Eagle River Homes, LLC, is a for-profit limited liability company operating and existing under the laws of the Commonwealth of Pennsylvania, with a business address of 21 S. Groffdale Road, P.O. Box 336, Leola, PA 17540.

4.      Defendant, Aerotek, Inc., is a for-profit corporation operating and existing under the laws of the State of Maryland, with a business address in the Commonwealth of Pennsylvania of 201 Granite Run Drive, Suite 220, Lancaster, PA 17601.

5.      At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

6.      Paragraphs 1 through 5 are hereby incorporated by reference, as though the same were fully set forth at length herein.

7.      On or about May 7, 2020, Plaintiff filed a Charge of Discrimination against Eagle River with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. 2000e5(b) and (e).  Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2020-01600.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

8.      By correspondence dated July 26, 2021, Plaintiff received a Notice of Rights to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Eagle River.

2

9.    Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action against Eagle River.

10.    This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

11.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12.    This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the federal claims.

13.    The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendants conduct business therein and the events giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

14.    Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.    Plaintiff is African-American.

16.    Plaintiff became the subject of discriminatory mistreatment by Defendants beginning in or around August 21, 2017, when he was hired by Eagle River through Aerotek as a temporary employee.

17.    Shortly thereafter, Plaintiff complained to Aerotek's Staffing Agent, Matt LNU ("Last Name Unknown"), regarding discriminatory mistreatment taking place at Eagle River on the basis of Plaintiff's race.

18.    When Plaintiff requested to leave Eagle River and be placed somewhere else, Matt LNU denied his ability to do so.

19.     In one instance, while being trained as a temporary employee, Eagle River's Exterior Wall employee, Will LNU (Last Name Unknown), stated to Plaintiff, that he "only knew one black guy who was worthy of being [my] friend."

20.     Moreover, Will LNU purposely dropped a piece of exterior wall on Plaintiff and another employee of Eagle River; however, Plaintiff did not report the incident due to his temporary employment status at that time.

21.     Sometime thereafter, in or around May 2018, Plaintiff was taken on as a permanent employee of Eagle River.

22.     Days prior to being taken on as a permanent employee, Eagle River's Plant Manager, Jeff Smidt ("Mr. Smidt"), spoke with Matt LNU via text message, and stated Mr. Smidt would be giving Plaintiff a raise to $18.50 per hour.

23.     Despite Mr. Smidt's agreement with Matt LNU, subsequent to being hired as a permanent employee by Eagle River, Plaintiff was advised that he was being transferred from building walls to being a parts-puller, and locked in at $16.00 per hour, despite being promised $18.50.

24.     Notably thereafter, and despite Mr. McKinney's experience in that department, Eagle River hired and/or moved approximately five (5) employees into that position, of whom were all Caucasian.

25.     Throughout his tenure of employment as a permanent employee of Eagle River, Plaintiff was subjected to other various forms of racial discrimination.

26.     By way of example, Plaintiff was, *inter alia*, verbally berated and cursed at on multiple occasions by Will LNU, and on one (1) occasion, Eagle River's Inspector, David Leach ("Mr. Leach"), made Ku Klux Klan references with cigarettes.

27.     Sometime after Will LNU's aforementioned mistreatment and Mr. Leach's racially discriminatory conduct, Plaintiff complained to Eagle River's Human Resources Journeyman, Tyreek LNU (Last Name Unknown).

28.     Following Plaintiff's complaints of discriminatory mistreatment, Plaintiff received a poor performance evaluation from upper management, despite never receiving a write-up, coaching, or being notified of same.

29.     On or about May 26, 2020, Plaintiff filed a Charge of Discrimination against Eagle River for, *inter alia*, the racial discrimination and retaliation he experienced.

30.     Over the course of his employment with Eagle River, Plaintiff submitted numerous handwritten complaints to multiple members of Eagle River's management, human resources department, and supervisors, regarding Plaintiff's demotion, failure to be compensated at the $18.50 rate promised to him, and the discriminatory mistreatment he was being subjected to.

31.     By way of example, on or about June 26, 2020, Plaintiff submitted a complaint to Eagle River's Human Resources Representative, Kathy Fausnacht ("Ms. Fausnacht"), by way of email.

32.     In this complaint, Plaintiff informed Ms. Fausnacht, *inter alia*, "i am made to work in the sun continuously, as punishment for complaining about racial attack i face here at eagle river homes llc . . . . I am hindered by redundant racial attacks against my integrity, work performance, and health . . . . john eberly, my ex trainer both attack me because john is a part of the click that retaliates against me for complaining about racism I suffer with here at eagle river homes llc . . . . its all because i complained about David the inspector that called me and some co employees nigger, and that man later sexually groped me in my hind parts, I know all the click is mad at me cause he got fired . . . . tyreke, the former hr man, told me how everybody wanted to keep David at the job, he told me he was the only one that wanted him to be fired."

33.     On or about July 27, 2020, approximately one (1) month after Plaintiff's most recent complaint of racial discrimination, Eagle River terminated Plaintiff's employment.

34.     Accordingly, based on the foregoing, Plaintiff believes that he was terminated from employment by Eagle River on the basis of his race and/or in retaliation for making a good-faith complaint of racial discrimination in violation of Title VII, Section 1981, and the PHRA.

35.     In addition, Plaintiff avers that he was denied a transfer away from Eagle River by Aerotek because of Plaintiff's race and/or because of Plaintiff's good faith complaints of racial discrimination in violation of Section 1981.

**COUNT I**
**DISCRIMINATION, HOSTILE WORK ENVIRONMENT & RETALIATION**
**TITLE VII, 42 U.S.C. § 2000e,** *et seq.*
**PLAINTIFF V. EAGLE RIVER HOMES, LLC**

36.     Paragraphs 1 through 35 are hereby incorporated by reference as though the same were fully set forth at length herein.

37.     Defendant employed at least fifteen (15) employees at all times relevant hereto.

38.     Plaintiff is African American and as such is a member of a class protected under Title VII from unlawful discrimination or harassment because of race.

39.     Defendant discriminated against Plaintiff on the basis of his race, in violation of Title VII.

40.     Defendant subjected Plaintiff to a hostile work environment because of race and failed to take prompt remedial action to remedy this situation upon complaints by Plaintiff.

41.     Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing, by terminated Plaintiff from employment on the basis of his race.

42.     In addition, Defendant violated Title VII by terminating Plaintiff in retaliation for Plaintiff making a good-faith complaint of racial discrimination.

43.     Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, *inter alia*, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

44.     As a direct result of Defendant's deliberate, unlawful, wanton, and malicious actions, Plaintiff has suffered emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.     Pre-judgment interest in an appropriate amount;

E.     Such other and further relief as is just and equitable under the circumstances; and

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT II
## DISCRIMINATION, HOSTILE WORK ENVIRONMENT & RETALIATION
## 42 U.S.C. § 1981
## PLAINTIFF V. EAGLE RIVER HOMES, LLC

45.     Paragraphs 1 through 44 are hereby incorporated by reference as though the same were fully set forth at length herein.

46.     Plaintiff avers that Defendant discriminated against him with respect to the terms and conditions of his employment on account of his race by terminating him from employment because of Plaintiff's race and/or because Plaintiff made a good-faith complaint of racial discrimination.

47.     Plaintiff alleges that Defendant subjected Plaintiff to a hostile work environment because of Plaintiff's race and failed to take prompt remedial action to address the situation upon Plaintiff's complaints.

48.     Plaintiff has suffered damages and seeks relief for these willful adverse actions.

49.     Defendant's actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

8

C.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.      Pre-judgment interest in an appropriate amount;

E.      Such other and further relief as is just and equitable under the circumstances; and

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

<u>**COUNT III**</u>
<u>**DISCRIMINATION & RETALIATION**</u>
<u>**42 U.S.C. § 1981**</u>
<u>**PLAINTIFF V. AEROTEK, INC.**</u>

50.     Paragraphs 1 through 49 are hereby incorporated by reference as though the same were fully set forth at length herein.

51.     Plaintiff avers that Defendant discriminated against him with respect to the terms and conditions of his employment on account of his race by refusing to transfer Plaintiff to a more favorable location away from the racially charged atmosphere at Eagle River because of Plaintiff's race and/or because Plaintiff made a good-faith complaint of racial discrimination.

52.     Plaintiff has suffered damages and seeks relief for these willful adverse actions.

53.     Defendant's actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.      Pre-judgment interest in an appropriate amount;

E.      Such other and further relief as is just and equitable under the circumstances; and

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT IV
## DISCRIMINATION, HOSTILE WORK ENVIRONMENT & RETALIATION
## PHRA, 43 P.S. § 951, *ET SEQ.*
## PLAINTIFF V. EAGLE RIVER HOMES, LLC

54.      Paragraphs 1 through 53 are hereby incorporated by reference, as though the same were fully set forth at length herein.

55.      Plaintiff is African American and as such is a member of a class protected under the PHRA from unlawful discrimination or harassment because of race.

56.      Defendant discriminated against Plaintiff on the basis of his race, in violation of the PHRA.

57.     Defendant subjected Plaintiff to a hostile work environment because of Plaintiff's race and failed to take prompt remedial action to remedy the situation upon Plaintiff's complaints.

58.     Defendant retaliated against Plaintiff by terminating his employment because Plaintiff made a good-faith complaint of racial discrimination.

59.     Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing, by terminated Plaintiff from employment on the basis of his race.

60.     Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, *inter alia*, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

61.     The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay and bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances;

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

11

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,


**MURPHY LAW GROUP, LLC**


By:    */s/ Benjamin Salvina*
        Benjamin Salvina, Esq.
        Eight Penn Center, Suite 1803
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        bsalvina@phillyemploymentlawyer.com
        *Attorney for Plaintiff*

Dated: September 23, 2021

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.